IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


ANDREA STEEN,

    Plaintiff,

v.                                              CASE NO. 1:05-cv-00065-MP-AK

JO ANNE B. BARNHART,
Commissioner of Social Security

    Defendant.

_____/


**O R D E R**

This matter is before the Court on Doc. 19, Report and Recommendation of the Magistrate Judge, recommending that the decision of the Commissioner denying benefits be affirmed. The Magistrate Judge filed the Report and Recommendation on Thursday, August 31, 2006. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a de novo review of those portions to which an objection has made. In this instance, however, no objections were made.

Under 42 U.S.C. § 405(g) of the Social Security Act, the decision of the Commissioner of Social Security must be upheld if the Commissioner's findings of fact and determinations are supported by substantial evidence, and the correct legal standards have been applied. <u>Graham v. Apfel</u>, 129 F.3d 1420, 1422 (11th Cir. 1997). The Court agrees with the Magistrate that because

the Commissioner's findings of fact are supported by substantial evidence, the Commissioner's decision denying benefits must be affirmed.

Plaintiff presents two arguments on appeal for reversing the Commissioner's decision. First, Plaintiff contends that her due process rights were violated when her attorney was not allowed to cross examine the vocational expert at the hearing. Plaintiff's attorney attempted to ask the vocational expert two questions: whether a person working part-time is given the same number of breaks as a full-time person, and whether Plaintiff's alleged mental impairment would affect her ability to do the jobs the expert had identified. The Court agrees with the Magistrate that even if the ALJ's erred, such error is harmless as the ALJ's decision was supported by "more than substantial evidence." The lack of objective medical evidence to support Plaintiff's subjective complaints of pain, coupled with Plaintiff's history of non-compliance with medical treatment without good cause, supports the ALJ's finding as to the severity of Plaintiff's conditions and the ALJ's ultimate conclusion that Plaintiff was not disabled and could perform work at a light level. Therefore, even assuming the ALJ was incorrect in limiting counsel's cross examination, Plaintiff can show no prejudice as any error would be harmless.

Second, Plaintiff states that the ALJ erred in not submitting to the vocational expert a hypothetical that encompassed all of Plaintiff's impairments. "In order for a [vocational expert's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999). Plaintiff argues that the hypothetical posed to the vocational expert did not include a severe mental impairment, which causes Plaintiff to be unable to work full time because of depression and fatigue. The Court agrees with the Magistrate that "the medical evidence does

not support a finding that her mental impairment was severe and the ALJ was not required to pose this or any mental limitations in his hypothetical to the vocational expert." Doc. 19 at 14. Because Plaintiff admitted that medication controlled her depression, that she was non-compliant with taking her medication, that she had never sought mental health treatment, the ALJ's finding that Plaintiff's mental impairment was not severe is supported by substantial evidence. Thus, the ALJ was not required to include this impairment in the hypothetical posed to the vocational expert.

Therefore, because the ALJ's decision denying benefits is supported by substantial evidence, it is AFFIRMED. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 19, is adopted and incorporated by reference in this order.
2. The Commissioner's decision denying benefits is AFFIRMED.
3. The Clerk is directed to close this case.

**DONE AND ORDERED** this   *13th* day of October, 2006

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge